UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-6570-HUNT

UNITED STATES OF AMERICA,

vs.

COLLIE LAVAIL CARTER,

    Defendant.
_____/

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on December 17, 2018, a hearing was held to determine whether the defendant, Collie Lavail Carter, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions of release will reasonably assure either the appearance of this defendant as required or the safety of any other person and the community. Therefore, it is hereby ORDERED that the defendant, Collie Lavail Carter, be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1.    The defendant is charged with carjacking, in violation of 18 U.S.C. § 2119. Therefore, the defendant is charged with a crime of violence.[1] 18 U.S.C. § 3142(g)(1).

---

[1] The defendant is charged with a violation of the federal carjacking statute, which provides in pertinent part that "[w]hoever, with the intent to cause death or serious bodily harm <u>takes</u> a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another <u>by force and violence or by intimidation</u>, or attempts to do so" shall be imprisoned not more than 15 years. 18 U.S.C. § 2119 (emphasis added). Because this a felony that "has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property

2. The Court received credible evidence that the defendant committed the offense with which he has been charged. More specifically, the Government adopted the Affidavit filed in support of the Criminal Complaint (DE 1) as the case agent's testimony on direct examination. The content of this Affidavit was neither contradicted nor undermined on cross-examination or through the introduction of other evidence. In pertinent part, the Affidavit states:

> On December 7, 2018 at approximately 3:30 p.m. COLLIE LAVAIL CARTER approached "D.J.," in a parking lot located at 1919 Polk Street, Hollywood, Broward County, Southern District of Florida. D.J. was holding packages and attempting to enter his vehicle, a 2011 Red Nissan Rogue, FL Tag No. xxxP37, VIN JNxxxxxxxx60969, when CARTER approached D.J. and displayed what appeared to be a black, semi-automatic handgun. CARTER demanded that D.J. drop this wallet on the ground, hand CARTER the keys to D.J.'s vehicle, and put the packages back in the vehicle. D.J., fearing for his life, quickly complied. CARTER picked up D.J.'s wallet, took D.J.'s keys, entered the vehicle, and drove away from the scene. D.J. ran behind another vehicle and called 911 to report the incident.
>
> At approximately 3:30 p.m., Hollywood Police Department's Sergeant Campbell was travelling eastbound on the 2800 block of Hollywood Boulevard, Hollywood, Florida when he received a call from dispatch to be on the lookout for a Red Nissan Rogue FL Tag No . xxxP37 travelling near 1919 Polk Street. Sergeant Campbell observed a vehicle matching the description travelling westbound on Hollywood Boulevard and he made a U-turn. Sergeant Campbell followed the vehicle into the southbound turn lane and onto Interstate 95 (I-95) southbound. CARTER encountered heavy traffic on I-95 and attempted to change lanes to evade Sergeant Campbell. As CARTER approached the Ives Dairy Road exit, his driving became more

---

of another," 18 U.S.C. § 3156(a)(4)(A), the Court concludes that it constitutes a "crime of violence." See In re Smith, 829 F.3d 1276, 1280-81 (11th Cir. 2016) (stating that "our precedent holds that carjacking in violation of § 2119 satisfies § 924(c)'s force clause" definition of a crime of violence); United States v. Moore, 43 F.3d 568, 572-73 (11th Cir. 1994) ("The term 'crime of violence' as Congress defined it in 18 U.S.C. § 924(c)(3) clearly includes carjacking. 'Tak[ing] or attempt[ing] to take by force and violence or by intimidation,' 18 U.S.C. § 2119, encompasses 'the use, attempted use, or threatened use of physical force....' 18 U.S.C. § 924(c)(3)(A).").

erratic with CARTER travelling at higher speeds, weaving while in traffic, and driving on the shoulder. Sergeant Campbell pursued CARTER and radioed for backup.

CARTER exited I-95 onto Ives Dairy Road and attempted to travel eastbound, causing CARTER to stop at the light near the I-95 Northbound entrance ramp. Sergeant Campbell boxed CARTER in at which point CARTER abandoned the vehicle and took off on foot northbound across Ives Dairy Road and then westbound. CARTER continued down the southbound exit ramp against traffic and jumped over a concrete median. A perimeter was established, and CARTER was taken into custody at 3:48 p.m. by assisting officers on the southbound Ives Dairy Road exit ramp.

Shortly after CARTER was taken into custody, D.J. was transported to the location where D.J. positively identified CARTER as the individual who displayed what appeared to be a black semi-automatic pistol and stole his vehicle. A pellet gun was later recovered in the vehicle.

The victim's Nissan Rogue was manufactured outside of the State of Florida and therefore travelled in and affected interstate and/or foreign commerce.

Affidavit (attached to Criminal Complaint) ¶¶ 3-7 (DE 1).

At the hearing, the Government proffered that the victim's wallet was also recovered from the vehicle.

According to the Government, if convicted of the instant charge, the defendant faces an advisory Guidelines sentence of 84 to 105 months' imprisonment. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are significant to this Court's assessment of his candidacy for bond. The defendant advised that he was born in Miami (Florida) 39 years ago and has been living in South Florida his entire life. The defendant is single and for the past 10 years has been living with his sister and adult daughter at a residence owned by his mother in Miami Gardens; the defendant's mother has been hospitalized in Miami. According to the defendant, his father and brother also

reside in South Florida.

The defendant reported that he has never possessed a passport and has never traveled outside the United States.

The defendant told Pretrial Services that he is currently unemployed. He was terminated two weeks ago from a landscaping position he held for two years, which paid a wage of $8 per hour. He advised that he does not possess any assets.

The defendant reported that he has been Baker Acted six times since 2003 and has been diagnosed with bi-polar disorder, schizophrenia, and depression. He additionally reported that he is a weekly user of both marijuana and cocaine.

According to the Pretrial Services Report, the defendant has an outstanding (August 2017) bench warrant from York County for use of vehicle without permission. In addition, the Report shows that the defendant has been arrested on twenty-eight (28) separate occasions. Moreover, twelve (12) of those arrests resulted in convictions: disorderly conduct (1997); driving while license suspended (1999); use firearm or display while commit/battery (2000); grand theft of a motor vehicle (2000); trespassing (2003); fleeing attempting to elude police officer/resisting officer without violence to his person (2 counts)/driving while license suspended (2005); driving while license suspended/fleeing and eluding police officer (2008); possession of marijuana (adjudication withheld) (2009); grand theft of a motor vehicle/resisting officer without violence/driving while license suspended (2010); petit theft (2010); fleeing and eluding police (2011); driving without a license/DUI (2017); and driving while license suspended (adjudication withheld).

Given the defendant's marginal financial ties to the community, his demonstrated disregard for the law, his history of flight from police, his flight from police in the instant

matter, the strength of the evidence, and the lengthy prospective term of incarceration, the undersigned does not believe that he would be likely to appear if released on bond prior to trial. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. The defendant was previously convicted of using a firearm, of grand theft of a motor vehicle (on two occasions), and of fleeing and eluding police (on three occasions). It is against this backdrop that the Court views the defendant's use of an apparent handgun to rob a victim of his wallet, to carjack his vehicle, and to lead police on chase through I-95 traffic. Although the apparent handgun was later discovered to be a pellet gun, it nonetheless placed the defendant in fear for his life and created a very dangerous situation. So too, the defendant's flight from police, during which he travelled at high speeds, drove on the shoulder of the road, and weaved through highway traffic placed other motorists and passengers at risk of great harm. The defendant, therefore, has not been deterred or rehabilitated by virtue of his previous encounters with the criminal justice system, and he continues to pose a danger to the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there is no condition or combination of conditions of release that reasonably will assure either the defendant's appearance as required or the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents an unreasonable risk of flight and a danger to the community. Accordingly, the Court hereby ORDERS:

1. That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting

or serving sentences or being held in custody pending appeal;

2. That the defendant be afforded reasonable opportunity for private consultation with counsel; and

3. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this 18th day of December 2018.

_____
BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record

United States Marshal

United States Pretrial Services